UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AVION GORDON,

                       Plaintiff,

  - against -

SUFFOLK COUNTY; SUFFOLK COUNTY
POLICE DEPARTMENT; SUFFOLK
COUNTY DISTRICT ATTORNEY'S OFFICE;
WYNDHAM HOTELS AND RESORTS, INC.;
RAMADA WORLDWIDE, INC.; SPK TAMPA
LLC; CHAMPAK B. PATEL; HOTEL
EMPLOYEES JOHN/JANE DOE #1-5;
SUFFOLK COUNTY DISTRICT ATTORNEY
TIMOTHY D. SINI; DET. JOSEPH
DIGREGORIO; A.D.A JOHN/JANE DOES #1-
5; SUPERVISOR P.O. JOHN/JANE DOE # 1;
P.O. JOHN/JANE DOES #1-10; the individual
defendant(s) sued individually and in their
official capacities,

                       Defendants.
----------------------------------------------------------------X

<u>For Online Publication Only</u>

**MEMORANDUM AND ORDER**

2:21-cv-1653 (JMA) (ARL)

**APPEARANCES ON THE MOTION:**

**IGBOKWE, PLLC d/b/a LAW OFFICE OF WILLIAM IGBOKWE**
Attorneys for Plaintiff
28 Liberty Street, 6th Floor
New York, NY 10005
By:   O. Williams Igbokwe, Esq.

**DLA PIPER LLP (US)**
Attorneys for Defendants Wyndham Hotels & Resorts, Inc. and Ramada Worldwide, Inc.
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078
By:   David S. Sager, Esq.
        Patricia Zapata Shiraldi, Esq.

**RENDE, RYAN & DOWNES, LLP**
Attorneys for Defendant Champak B. Patel
202 Mamaroneck Avenue, Suite 601
White Plains, NY 10601
By:   John Polinsky, Esq.

**AZRACK, District Judge:**

## INTRODUCTION

Plaintiff Avion Gordon brings this civil rights action against the captioned defendants asserting claims under 42 U.S.C. § 1983 and New York state law, arising from his arrest and prosecution after his stay at the Ramada Plaza branded hotel in Holtsville, New York.

Presently before the Court are 12(b)(6) motions to dismiss by Defendants Wyndham Hotels and Resorts, Inc., Ramada Worldwide, Inc., and Champak B. Patel's (collectively "Hotel Defendants"). For the reasons set forth below, the motions to dismiss are granted.

## BACKGROUND

The following facts are taken from the Second Amended Complaint ("SAC") [DE 38]). As Wyndham Hotels and Resorts, Inc. ("WHRI"), Ramada Worldwide, Inc. ("RWI"), and Champak B. Patel ("Patel") are the only moving defendants, only those facts necessary to understand their positions are included.

WHRI and RWI—two of the largest hotel brands in the world—and Patel are alleged owners, operators, and/or franchisees of the Ramada Plaza branded hotel at 1730 N. Ocean Ave, Holtsville, New York (the "Hotel"). (SAC ¶¶ 15–17, 21–23, 27). At all relevant times, they controlled the Hotel's training and policies as well as supervised its employees. (*Id.* ¶¶ 18, 20, 24, 26, 28–30). The Hotel's policies allegedly prohibit employees from disclosing personal information except "to comply with legal process." (*Id.* ¶¶ 52–54).

Plaintiff, an African American male, rented a room at the Hotel on December 13, 2017, which, at the time, was being monitored by the Suffolk County Human Trafficking Investigations Unit as the site of a prostitution ring. (*Id.* ¶¶ 4, 17, 39). As "the only other African American male patron residing at the Hotel," employees and law enforcement included him as one of four African American male patrons subject to the investigation. (*Id.* ¶¶ 43, 44, 46, 51). The Hotel employees, "conspiring with law enforcement," allegedly fabricated observing Plaintiff rent out rooms with female trafficking victims and distribute heroin and crack cocaine. (*Id.* ¶¶ 45, 47). The employees then disclosed to law enforcement Plaintiff's personal information, including his "name, date of birth, home address, credit card information, and vehicle information," without his consent or a warrant and without telling Plaintiff. (*Id.* ¶¶ 49, 50, 61). They also provided their relevant surveillance video despite it showing that Plaintiff "was never even in the company" of the other investigation subjects. (*Id.* ¶¶ 69–70). Plaintiff's stay ended without incident. (*See id.* ¶¶ 82–83). But roughly three months later, on March 28, 2018, Plaintiff was arrested, charged, and arraigned on a forty-four count indictment related to sex-trafficking. (*Id.*). The charges against Plaintiff were dropped on February 11, 2019. (*Id.* ¶ 99).

Plaintiff brought this action on March 27, 2021. [DE 1]. He amended his complaint on June 30, 2021 to, in part, add WHRI as a defendant. [DE 17]. Plaintiff again amended his complaint on November 30, 2021, naming RWI and Champak B. Patel as defendants for the first time. [DE 38]. WHRI and RWI moved to dismiss the SAC on March 29, 2022. [DE 49]. Patel moved to dismiss on June 14, 2022. [DE 60].

The SAC asserts the following claims against the Hotel Defendants: (1) § 1983 false arrest (first cause of action) and false imprisonment (sixth cause of action); (2) state law false arrest (second cause of action) and false imprisonment (seventh cause of action); (3) state law search and seizure (fourth cause of action); (4) state law malicious prosecution (eleventh cause of action); (5) violation of N.Y. Gen'l Bus. Law § 349 (sixteenth cause of action); (6) violation of New York Human Rights Law (seventh cause of action); (7) breach of contact (eighteenth cause of action); (8) negligence (nineteenth cause of action); and (9) intentional and negligent infliction of emotional distress (twentieth cause of action).

## LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint,

they must be supported by factual allegations." *Id.* at 679.  A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.  *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss.  *Iqbal,* 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007).  Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

## DISCUSSION

### I. Patel's Non-Ownership

The Court begins with Patel's argument that no claims may be asserted against him as he "had no interest in the ownership or operation of Hotel until October 26, 2018, nearly seven (7) months after the plaintiff's arrest and nearly nine (9) months after the plaintiff's stay at the hotel." Patel Mem. at 4; *see also* Aff. of

Champak B. Patel, Ex. A to Decl. of John Polinsky [DE 62]. This contention, however, contradicts the allegations in the Second Amended Complaint. Plaintiff alleges that at all relevant times Patel "was an individual and an owner, operator, and/or franchisee" of the Hotel. SAC ¶¶ 27–30. At the pleadings stage, the Court must "assume all well-pleaded factual allegations to be true." *Faber*, 648 F.3d 98, 104 (2d Cir. 2011). Because the Court may not consider Patel's contrary assertions, his motion to dismiss all claims against him on this basis is denied.

## II. Statute of Limitations

Several of the Hotel Defendants' arguments concern the statute of limitations applicable to Plaintiff's claims. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) (internal quotation marks omitted). As explained below, almost all of Plaintiff's claims against the Hotel Defendants are time barred.

### A. Section 1983 Claims for False Arrest and False Imprisonment

Federal law dictates the date on which a § 1983 cause of action accrues. *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019). "Under federal law, a Section 1983 false arrest claim accrues at the time that the alleged false arrest ends, i.e., when the arrestee 'becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges.'" *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 601 (E.D.N.Y. 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 389

(2007) (alteration in original)). Here, Plaintiff was charged and arraigned on March 28, 2018 – his § 1983 false arrest claim, therefore, accrued on that date. SAC ¶ 85.

State law dictates the statute of limitations applicable to § 1983 claims, namely, "the general or residual statute for personal injury actions." *Wallace*, 549 U.S. at 387; *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). "In New York State, the applicable statute of limitations for personal injuries is three years." *Ying Li*, 246 F. Supp. 3d at 601 (citing N.Y. C.P.L.R. § 214). Applied here, Plaintiff must have brought his claim within three years of March 28, 2018, *i.e.*, by March 28, 2021.

Plaintiff's first named WHRI as a defendant in the FAC, filed June 30, 2021. Plaintiff first named RWI and Patel as defendants in the SAC, filed November 30, 2021. Both these dates fall beyond the limitations period for § 1983 false arrest claims. Accordingly, these claims are dismissed as untimely as against the Hotel Defendants.

Plaintiff's § 1983 false imprisonment claim is a "synonymous cause[] of action" with the § 1983 false arrest claim "because the elements of the claims are identical." *Levantino v. Skala*, 56 F. Supp. 3d 191, 199–200 (E.D.N.Y. 2014) ("Section 1983 claims for false arrest and false imprisonment are 'substantially the same' in all relevant respects as claims for false arrest and false imprisonment under state law." (citing *Jocks v. Tavernier,* 316 F.3d 128, 134 (2d Cir. 2003)). As such, Plaintiff's

§ 1983 false imprisonment claim is untimely and dismissed as to the Hotel Defendants as well.[1]

## B. New York State Law Claims for False Arrest and False Imprisonment

In New York, "[f]alse arrest and false imprisonment are two different names for the same common-law tort." *Fischetti v. City of New York*, 199 A.D.3d 891, 892 (N.Y. App. Div., 2d Dep't 2021). These causes of action "accrue upon the subject's 'release[] from confinement.'" *Bellissimo v. Mitchell*, 122 A.D.3d 560, 560 (N.Y. App. Div., 2d Dep't 2014) (quoting *Charnis v. Shohet*, 2 A.D.3d 663, 663 (N.Y. App. Div., 2d Dep't 2003)). Plaintiff was released from confinement, at the very latest, when the charges against him were dismissed on February 11, 2019. SAC ¶ 99.

These claims are subject to a one-year statute of limitations. *Danford v. State*, 197 A.D.3d 913, 913 (N.Y. App. Div., 4th Dep't 2021); *Williams v. City of New York*, 153 A.D.3d 1301, 1305 (N.Y. App. Div., 2d Dep't 2017). The limitations period therefore lapsed, at the latest, on February 11, 2020.

Plaintiff asserted his claims against the Hotel Defendants on June 30, 2021 and November 30, 2021, respectively. They are untimely and hereby dismissed.

## C. State Law Claim for Malicious Prosecution

A malicious prosecution claim under New York State law accrues upon the favorable termination of the underlying proceedings, *e.g.*, the dismissal of charges against the plaintiff. *Nunez v. Vill. of Rockville Ctr.*, 176 A.D.3d 1211, 1213 (N.Y.

---

[1] Plaintiff asserts no argument concerning Federal Rule of Civil Procedure 15(c)'s "relation back" doctrine and, as such, the Court considers any such argument waived.

App. Div., 2d Dep't 2019) ("The claim of malicious prosecution did not accrue until August 14, 2017, when the charges against the petitioner were dismissed by the Nassau County District Court."); *Rochester v. City of New York*, 168 A.D.3d 435, 436 (N.Y. App. Div., 1st Dep't 2019). A one-year statute of limitations applies. *Williams v. CVS Pharmacy, Inc.*, 126 A.D.3d 890, 891 (N.Y. App. Div., 2d Dep't 2015) (citing N.Y. C.P.L.R. § 215(3)).

The one-year limitations period for Plaintiff to bring his malicious prosecution claim commenced on February 11, 2019, the date that the indictment was dismissed, SAC ¶ 99. The limitations period expired on February 11, 2020, over a year before Plaintiff asserted the claim against the Hotel Defendants. The malicious prosecution claim against the Hotel Defendants is therefore dismissed as untimely.

### D. New York General Business Law § 349 Claim

A New York General Business Law § 349 claim accrues on the date of the injury, *Loiodice v. BMW of N. Am., LLC*, 125 A.D.3d 723, 726 (N.Y. App. Div., 2d Dep't 2015); *Lucker v. Bayside Cemetery*, 114 A.D.3d 162, 175 (N.Y. App. Div., 1st Dep't 2013), "not when [a plaintiff] discover[s] the alleged deceptive act," *Salvaggio v. Am. Exp. Bank, FSB*, 129 A.D.3d 816, 818 (N.Y. App. Div., 2d Dep't 2015). A Section § 349 claim must be brought within a three-year limitations period. *Kainer v. Christie's Inc.*, 141 A.D.3d 442, 443–44 (N.Y. App. Div., 1st Dep't 2016).

Plaintiff's injury occurred on the date of the Hotel Defendants' alleged disclosure of his information to law enforcement during his stay between December 13 and 14, 2017. SAC ¶¶ 59, 69. As such, the limitations period to bring his Section

349 claim expired on December 14, 2020, well before he brought his claim against them. Even if, as Plaintiff asserts, the claim did not accrue until Hotel Defendants' actions "were . . . revealed after Plaintiff faced arrest on March 27, 2018," *see* Pl. Opp. to RWI at 17, the claim is still untimely as Plaintiffs' amended complaints, which named the Hotel Defendants as defendants, were brought after March 27, 2021.

### E. New York Human Rights Law § 296(2)(a) Claim

"Generally, a cause of action for discrimination under [the New York Human Rights Law] accrues and the limitation period begins to run on the date of the alleged discriminatory act." *Fair Hous. Just. Ctr., Inc. v. JDS Dev. LLC*, 443 F. Supp. 3d 494, 504 (S.D.N.Y. 2020) (internal quotation marks omitted) (quoting *Flaherty v. Massapequa Pub. Sch.*, 752 F. Supp. 2d 286, 293 (E.D.N.Y. 2010)). The limitations period is three years. *Karczewski v. Sharpe*, 260 A.D.2d 606, 606 (2d Dep't 1999).

The discriminatory act alleged—disclosing plaintiff's information—occurred between December 13 and 14, 2017. SAC ¶¶ 49–51. The limitations period therefore expired on December 14, 2020, *i.e.*, before Plaintiff brought his New York Human Rights Law claims on June 30, 2021 and November 30, 2021. As with the General Business Law § 349 claim, even if Plaintiff's claim did not accrue until his arrest in March 2018, it is still untimely.

### F. Negligence

New York law provides that a tort cause of action accrues upon sustaining injury, not the "wrongful act of defendant or discovery of the injury by plaintiff." *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (N.Y. 1993). Plaintiff's injury as a result of Hotel Defendants' alleged actions—better stated, their employees' actions which

the Court assumes, without analysis, can be imputed to the Hotel Defendants—occurred during his stay at the Hotel between December 13 and 14, 2017. *See, e.g.*, *Pugach v. Borja*, 670 N.Y.S.2d 718, 721 (N.Y. Sup. Ct., Queens Cnty. 1998) (negligence claim "premised upon the breach of the independent duty not to disclose confidential patient information" accrued when alleged "unauthorized disclosure" occurred). Because negligence claims are subject to a three-year statute of limitations, *see Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491 (N.Y. 2007) (citing N.Y. C.P.L.R. § 214), Plaintiff's negligence claims expired before he brought suit. Even if Plaintiffs' negligence claims did not accrue until he was arrested on March 28, 2018, his negligence claims would still be untimely.

Plaintiff's negligence clams are untimely and are, therefore, dismissed.

### G.   Intentional and Negligent Infliction of Emotional Distress

Plaintiff brings both a claim for intentional infliction of emotional distress and negligent infliction of emotional distress. Each claim accrues when all of its elements can be truthfully alleged in a complaint. *Kronos, Inc.*, 81 N.Y.2d at 94. Therefore, emotional distress claims cannot accrue until the plaintiff begins to suffer emotional distress. *E.g.*, *Wilson v. Erra*, 94 A.D.3d 756, 756 (N.Y. App. Div., 2d Dep't 2012) ("A cause of action alleging intentional infliction of emotional distress accrues on the date of injury."); *Dixon v. City of New York*, 76 A.D.3d 1043, 1044 (N.Y. App. Div., 2d Dep't 2010) (negligent infliction of emotional distress claim "accrue[s] at the time [a] plaintiff[] [becomes] aware of the defendants' actions and suffered mental anguish as a result."). Plaintiff does not plead the date on which he first suffered emotional

distress as a result of Hotel Defendants' conduct. However, Plaintiff concedes that he learned of their conduct, and by extension, began to suffer emotional distress, when he "faced arrest on March 27, 2018." *See* Pl. Opp. at 17 ("The Moving Defendants' actions . . . were only revealed after Plaintiff faced arrest on March 27, 2018.").

Plaintiffs must bring intentional infliction of emotional distress claims within one year of accrual; negligent infliction of emotional distress claims must be brought within three years. *E.g.*, *Yong Wen Mo v. Gee Ming Chan*, 17 A.D.3d 356, 358 (2d Dep't 2005). Pursuant to the accrual date discerned above, both emotional distress claims are untimely, having been first asserted against WHRI, and then RWI and Patel, on June 30, 2021 and November 30, 2021, respectively.

### H.     Summary on Statute of Limitations

For the reason set forth above the first, second, sixth, seventh, eleventh, sixteenth, seventeenth, eighteenth, nineteenth and twentieth causes of action against WHRI, RWI and Patel are dismissed as barred by the statute of limitations.

The Court now turns to the Hotel Defendants' motions to dismiss the remaining causes of action.

## III.     New York State Law Claim for Unlawful Search and Seizure

Plaintiff's fourth claim alleges an "unlawful search and seizure under New York State law," which New York State courts construe as a claim arising under the New York State Constitution.

In support of dismissal of this claim, the Hotel Defendants argue that they cannot be liable because the prohibition against unreasonable search and seizures only applies to governmental action, and it is not alleged that said defendants participated in the alleged search and seizure. It is further argued that the statute of limitations is three years and, thus, the action is time-barred. Plaintiff fails to address these arguments and therefore has abandoned this claim. *See Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) ( "'[W]hen a party fails adequately to present arguments' in a brief, a court may properly 'consider those arguments abandoned,' especially 'in the case of a counseled party' where 'a court may . . . infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned,' ") (ellipses in original and citations omitted); *Romeo & Juliette Laser Hair Removal, Inc. v. Assara LLC*, 2014 WL 4723299, *7 (S.D.N.Y. June 3, 2004).

Additionally, this claim fails because New York State constitutional claims do not lie where "alleged wrongs [can be] redressed by an alternative remedy, namely, timely interposed common-law tort claims for assault and battery, *false imprisonment*, and the intentional and negligent injury to [] property." *Lyles v. State*, 2 A.D.3d 694, 695–96 (N.Y App. Div., 2d Dep't 2003) (emphasis added); *Williams v. State*, 137 A.D.3d 1579, 1580 (N.Y App. Div., 4th Dep't 2016); *Waxter v. State*, 33 A.D.3d 1180, 1181 (N.Y App. Div., 3d Dep't 2006). Federal courts applying New York State law recognize the same. *E.g.*, *Alwan v. City of New York*, 311 F. Supp. 3d 570, 588 (E.D.N.Y. 2018) ("Under New York law, a state constitutional-tort claim will not

lie when state tort law provides an alternative means of redress."). As Plaintiff's cause of action for illegal search and seizure can be remedied by the common law tort of intentional and/or negligent injury to his property, *see Lyles*, 2 A.D.3d at 695-96, no constitutional claim lies.

The claim for illegal search and seizure under the New York State constitution is dismissed.

## IV. The Breach of Contract Claim

Under New York law, there are four elements to a breach of contract claim: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.1996); *accord Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir.2011).

The Hotel Defendants argue that Plaintiff has failed to plausibly allege the first element, namely the "the existence of a contract." The SAC alleges that Plaintiff "entered into a valid agreement with the Hotel as a guest of the Hotel during his stay at the Hotel from December 13, 2017 through December 14, 2017." It is further alleged that the "Hotel Defendants' privacy policy informs guest that their personal information would remain confidential except that they may use guest information 'to comply with legal process" and that the "disclos[ure of] Plaintiff's private guest registry information was a breach of contract . . . . " SAC ¶¶ 54, 59.

Plaintiff's motion papers do not assert a viable breach of contract theory. In opposing the Hotel Defendants' motions to dismiss, Plaintiff cites the elements of a breach of contract claim and then asserts, in conclusory fashion, that:

> Plaintiff has alleged that [the Hotel Defendants] breached their contractual duties established by the shopkeepers doctrine of good faith and fair dealing, where the Hotel Employees did disclose Plaintiff personal information without consent, warrant, or lawful court order.

ECF No. 51 at 18; ECF No. 64 at 18. Plaintiff does not cite any authority in support of this legal theory. The Court fails to see how this case has anything to do with the covenant of good faith and fair dealing, and Plaintiff does not point to any authority concerning the "shopkeepers doctrine of good faith and fair dealing." Moreover, Plaintiff has offered no authority or argument to indicate that a binding agreement existed between Plaintiff and the Hotel Defendants concerning the Hotel Defendants' privacy policy.

Plaintiff has not asserted a viable legal theory to support his breach of contract claims against the Hotel Defendants. Accordingly, those claims are dismissed.

## CONCLUSION

For the reasons discussed above, the motions to dismiss are granted with respect to all claims against the Hotel Defendants.

**SO ORDERED.**

Dated: Central Islip, New York  
     December 9, 2022

          /s/ (JMA)  
          Joan M. Azrack  
          United States District Judge